*New-Haven,*
July, 1838.
———————
Du Bouchet
*v.*
Wharton.

Du Bouchet *against* Wharton and wife :

IN ERROR.

By the expression " expiration of the lease," within our statute prescribing
a summary process to recover possession of real estate, is meant an expi-
ration by lapse of time ; and by the expression, " holds over the term of the
lease," in the same statute, is meant the holding beyond the period speci-
fied in the lease for its duration : consequently, the court before which such
summary process is brought, has no power to decide, whether the lease
has been determined, by a forfeiture on the part of the tenant, in conse-
quence of the non-performance of his covenants in such lease, and an entry
by the lessor.

Therefore, where *A* leased lands to *B*, for the term of five years, ten and a
half months, from the 15th of *May*, 1836, which term, the lease declared,
would expire on the 1st day of *April*, 1842; and *B* covenanted to deliver
to *A* half the produce, &c., and to render his account annually ; and it was
further provided in the lease, that if *B* should fail to perform his covenants,
it should be lawful for the lessors to enter into the demised premises, and
regain and hold the possession thereof as of his own estate, in the same
manner as if the lease had never been made ; in *June*, 1837, *A* having
given notice pursuant to the statute, brought summary process to obtain
possession, and offered evidence to prove, that *B* had failed to perform his
covenants in the lease, and that *A*, for such non-performance, had entered ;
it was held, that such evidence was inadmissible, and that the facts, if
proved, would not entitle *A* to a verdict.

On the reversal of a judgment for the plaintiff in summary process, on the
ground that the term of the lease had not expired, the court will award a
writ of restitution.

This was a summary process under our statute, (*tit.* 53. *c.*
3.) brought, in *June*, 1837, by *Wharton* and wife against
*Du Bouchet*, before *Horace Potter* Esq., justice of the peace,
and a jury, to recover the possession of certain lands and the
buildings thereon, called *Lyonville*.

On the 20th of *April*, 1836, *Anna Maria Reddie*, then a
feme sole, leased the premises to *Du Bouchet*, by a deed of in-
denture, duly executed and recorded, for the term of five years,
ten and a half months, from the 15th of *May*, 1836 ; which
term, the lease declared, would expire on the first day of *April*,
1842. By this indenture, *Du Bouchet* covenanted, on his part,
to deliver to Mrs. *Reddie*, for the rent of the demised premises,
one half of all the gross produce of the land, and of the increase
derived therefrom, including every sort of crop, horses, cattle,
sheep, pigs, poultry, &c., and to keep just and true accounts of

*New-Haven, July, 1838.*

*Du Bouchet v. Wharton.*

all such produce and stock and of the income of the farm, which should, at all times, be open to the inspection of the lessor, and should be settled and a balance struck, on the 1st day of *May* in each year during the term : provided, that if said *Du Bouchet* should fail to fulfil the covenants and perform the conditions of the lease, or either of them, for the space of twenty days after the time prescribed for the performance thereof, it should be lawful for the lessor to enter into the demised premises, and regain and maintain possession, and to hold and enjoy the same, as of her own estate, in the same manner as if this lease had never been made. Shortly after the execution of the lease, the lessor was married to *Thomas Wharton,* one of the plaintiffs. On the 15th of *May,* 1836, *Du Bouchet* entered upon the demised premises, and remained in possession until the 22nd of *May,* 1837, when the plaintiffs entered and demanded possession, claiming that the lease was determined, by breaches of the covenants on the part of the lessee. This demand not being complied with, the plaintiffs, on the 24th of *May,* gave notice in writing to *Du Bouchet* to quit possession on or before the 24th of *June* following ; which he refused to do.

On the trial, the plaintiffs, for the purpose of shewing that the term of the lease had expired and was determined, offered evidence to prove, that *Du Bouchet,* on the 1st of *May,* and long before, neglected to keep and perform the several covenants in the lease on his part, but had violated them, and continued such violations for the space of twenty days next after the 1st of *May,* 1837 ; and that on the 22nd of *May,* the plaintiffs, having demanded performance, which was still refused by *Du Bouchet,* entered upon the premises and demanded possession. To the admission of this evidence the defendant objected ; but the court admitted it. The defendant thereupon claimed, that upon the evidence the plaintiffs were not entitled to a verdict in their favour ; and prayed the court so to instruct the jury. The court decided and charged the jury, that if they should find, that *Du Bouchet* had failed to perform his covenants in the lease, and that the other facts stated in the complaint were proved, the term of the lease expired on the 22nd of *May,* 1837, by the entry and demand of possession of the plaintiffs, and they had by law right to recover possession of

the demised premises, on complying with the provisions of the statute prescribing this summary process.

The jury returned a verdict for the plaintiffs; and the defendant, having filed a bill of exceptions, brought a writ of error in the superior court, which was reserved for the advice of this court.

*Kimberly*, for the plaintiff in error, contended, 1. That upon the facts in this case, the defendants in error were not entitled to summary process to regain possession of the premises.

In the first place, the remedy by summary process is a statute remedy, and is applicable to a single case only, *viz.*, where the tenant "holds over the term of the lease." *Stat.* 307. *tit.* 53. *c.* 3. By the "term of the lease" mentioned in the 1st section of the act, the legislature intended a definite limitation of time, *viz.*, the time for which the lease, by its terms, is to continue ; and " the expiration of the lease," means expiration by efflux of time, and not by forfeiture through non-performance of the covenants on the part of the lessee. *Com. Dig. tit.* Estates by Grant. G. 1. n. *Oakley* v. *Schoonmaker*, 15 *Wend.* 226. *Dawson* v. *Dyer*, 5 *Barn. & Adol.* 584.

Secondly, the legislature intended to simplify the enquiries to be made by the magistrate, in executing the powers conferred upon him by the statute ; and, therefore, it prescribes precisely what must be proved, *viz.*, a lease, the holding over of the term, and a notice to quit.

Thirdly, the parties designed the term of this lease to be a certain limited period of time, and not dependent upon the performance of the covenants on the part of the lessee. It is expressly provided in the lease, that the term shall expire on the 1st day of *April*, 1842. It is also provided, in the lease, that upon the failure of the lessee to perform the covenants on his part, the lessor may re-enter and repossess and hold the premises, in the same manner as if the lease had never been made.

2. That upon the reversal of the judgment of the justice, the tenant is entitled to a restitution of the premises, by order of this court. In all cases where the judgment complained of is reversed, the plaintiff in error is entitled to " recover all that he has been damnified thereby." *Stat.* 54. *tit.* 2. *s.* 69. 1 *Arch. Prac.* 260. 291. Restitution is to be awarded. *Westerne* v. *Creswick*, 4 *Mod.* 161. *Sympson* v. *Juxon, Cro. Jac.*

*New-Haven,*
*July, 1838.*

*Du Bouchet*
*v.*
*Wharton.*

699.   There is here no uncertainty as to what the plaintiff in error has lost, by the erroneous judgment.   It gives him possession of the premises, which clearly belongs to the plaintiff. *Anon.* 2 *Salk.* 588.   Ex parte *Reynolds,* 1 *Caines,* 500. *Jackson* d. *Rosekrans* v. *Stiles* & al. 1 *Caines* 503.   *The People* v. *King,* 2 *Caines* 98.   *Shotwell's* case, 10 *Johns. Rep.* 308.   *Jackson* d. *Ostrander* & al. v. *Hasbrouck,* 1 *Johns. Rep.* 366.   *Dutton* v. *Tracy,* 4 *Conn. Rep.* 80.

*Townsend* and *Robinson,* for the defendants in error, contended, 1. That the statute providing summary process in favour of landlords, extends to all cases of tenants holding over, whether the leases were absolute or conditional.   By "the expiration of a lease," is meant its *legal* determination ; and by "the term of a lease," its *legal* duration.   2 *Bla. Com.* 144. In the case before the court, the lease expired on the 22nd of *May,* 1837.   For a violation of the covenants and conditions, a right of re-entry was expressly reserved ; this right was legally exercised ; and thereupon the lease expired.   It makes no difference in law, whether a lease runs out, or whether it is determined by re-entry.   The statute on which this proceeding is founded, is not *penal,* but is *remedial.*   It is, therefore, to receive a liberal construction, to effect the object of the legislature.   *Gray* v. *Blanchard,* 8 *Pick.* 288.   *Rosc. Evid.* 330. 2 *Stark. Evid.* 523—4.   *Wheeler* v. *Walker,* 2 *Conn. Rep.* 200.   Not a single reason can be urged against a recovery in this case, which could not be urged with equal force against a recovery in the action of ejectment.   Unless the lease has expired, and the tenant holds over the term of the lease, he cannot be ejected.

2.  That if the judgment should be reversed, the court cannot grant a motion for restitution of possession : it has no legal power to do it.   The power of the court on reversing a judgment, is well settled in practice ; and that power cannot be enlarged.   *Eno* v. *Frisbie,* 5 *Day* 122.   *Richards* v. *Comstock,* 1 *Conn. Rep.* 150.   An order for restitution is never granted in this state.   It has been expressly denied, in the case of forcible entry and detainer ; and the practice is the same in ejectment.   *Bird* v. *Bird,* 2 *Root,* 411. 413.   *Dutton* v. *Tracy,* 4 *Conn. Rep.* 95.   The practice has never been adopted, in this state, of making orders and rules in relation to

the rights of parties; but the courts administer justice through the medium of actions. *Beckley* v. *Boardman*, 6 *Conn. Rep.* 373. The present case is to be disposed of according to the settled practice; and if the court should think unfavourably of that practice, they can change it, by a regulation to take effect *prospectively*. The present practice, however, is perfectly proper; and no hardship has resulted from it.

New-Haven, July, 1838.

Du Bouchet *v.* Wharton.

3. That if the motion is to be considered by the court as within their jurisdiction, still it ought not to be allowed. Like all other motions, it is addressed to the sound *discretion* of the court, and will not be granted, unless necessary to promote equity and justice. But in this case, all the circumstances are in entire opposition to the application. This tenant has wilfully violated his duty; has forfeited all his rights under the lease; and his whole claim is based upon a technical point of law. In such a case, to grant his motion, would be to overturn all the principles which govern courts in respect to motions.

WAITE, J. It appears from the complaint in this case, that the demanded premises were leased to the plaintiff in error, for the term of five years, ten and a half months; and that long before the expiration of that period, the complaint was made by the defendants in error to the justice, and judgment rendered by him in favour of the complainants. It is stated in the complaint, as a ground for recovery, that the lessee had failed to fulfil certain covenants, and in consequence thereof, and in pursuance of the provisions contained in the lease, the complainants had entered upon the premises, and determined the lease. In consequence of this forfeiture, by the lessee, the complainants claimed to recover possession of the demised property, under the provisions of the statute, entitled " An act prescribing a summary process to enable the owners of lands, houses and other buildings, to recover possession." *Stat.* 307. *tit.* 53. *c.* 3.

1. The first enquiry is, whether upon the facts stated in the complaint, the lease had *expired*, and the lessee had *holden over the term of the lease*, within the meaning of that statute. The legislature undoubtedly intended to provide a short and summary proceeding, by which the owner of real estate leased, might regain possession from the tenant, after the expiration

*New-Haven,*
*July, 1838.*
_____
Du Bouchet
*v.*
Wharton.

of the lease.    For this purpose, they have thought proper to submit to the jury summoned before the justice, a few plain, simple questions of fact.    They are to enquire whether the possessor is the lessee of the complainant, and holds over the term of the lease ; and whether notice has been given according to the provisions of the act, and the lessee holds possession after the expiration of the time therein specified.    If the jury find these facts in favour of the complainant, the justice has power to render judgment in his favour for the possession, and to issue execution accordingly.    The jury have no power to decide, conclusively, upon the title to the property.    It is expressly provided in the statute, that all persons claiming title to the premises, shall, notwithstanding the act, or any proceedings under it, be entitled to their remedy at law, in the same manner, as if the act had not been passed.

Indeed, it has ever been the policy of our law, not to submit the title of real estate to the decision of a justice of the peace. An action of ejectment cannot be tried before him, let the matter in controversy be ever so small.    If an action for trespass upon lands be brought before him, and the tenant pleads title in himself, the justice cannot proceed with the trial, but the cause is at once removed to a higher court.    So in suits involving questions respecting a right of way, or the use of water, appeals are allowed where they would not be, if those questions did not arise.

Although the jury are required to find whether the lessee holds over the term of the lease, yet it cannot be supposed, that the legislature intended that they should decide whether the lease had been determined in consequence of a *forfeiture* on the part of the lessee, and an *entry* on the part of the owner.    Such enquiries often involve questions of the greatest nicety and difficulty in our law ; and it can hardly be supposed, that such a jury would be considered a proper tribunal for the determination of those questions, or that a justice of the peace would be a proper magistrate to instruct them respecting the law upon the subject.    To confer upon him such power, would be a departure from the general policy of our law, and ought not to be presumed, unless clearly warranted, by the language of the statute.    We discover nothing either in the object or language of the statute, that requires such a construction.

*New Haven,*
July, 1838.

Du Bouchet
*v.*
Wharton.

A similar construction appears to have been given to a statute of the state of *New-York* authorizing *summary proceedings to obtain the possession of lands.* It is, among other things, provided in that act, that a tenant may be removed, by certain officers, *when he holds over the expiration of his term.* The late chief justice of the supreme court of that state, in delivering the opinion of the court, said: "The legislature, I apprehend, did not not intend to create a tribunal to determine whether a tenant had been guilty of a forfeiture. The landlord cannot avail himself of the tenant's violation of his agreement as to cutting wood, if that were an act which would work a forfeiture. This is not the expiration of the term referred to in the statute. It means expiration by lapse of time." *Oakley* v. *Schoonmaker,* 15 *Wend.* 226.

By the expression, *expiration of the lease,* as used in our statute, is meant an expiration by effluxion of time, and not by reason of a forfeiture on the part of the tenant, in consequence of the non-performance of his covenants; and by the expression *holding over the term of the lease,* is meant the holding beyond the period specified in the lease for its duration—a definite period of time.

As it appears upon the face of the complaint itself, that the term of the lease had not expired, within the meaning of the statute, it was insufficient to enable the justice to render judgment in favour of the complainants; and he erred in not so deciding.

2. The next enquiry is, whether upon the reversal of the judgment of the justice, the plaintiff in error is entitled to a writ restoring him to the possession.

By the rules of the common law, he is clearly entitled to such remedy; and courts have been in the habit of awarding such writs. The practice is said to have grown out of an equitable construction of the statutes. This subject has recently been fully considered, by the court of *King's Bench,* in *England. King* v. *Wilson,* 3 *Adol. & Ellis,* 839. Lord *Denman,* C. J., in delivering the opinion of the court, said: "The defendant would gain nothing by our judgment, if we should merely declare the proceedings null; another step is necessary on the part of the court, in order that full justice may be done him. If we allow him to remain dispossessed of the premises had before, full effect will be given to an act,

*New-Haven,*
*July, 1838.*

Du Bouchet
*v.*
Wharton.

which we have pronounced wrongful.  A writ of restitution is prayed to prevent this consequence.  On looking into the authorities, we find, that the court has been in the habit of awarding that writ, when it has quashed the conviction for forcible entry; otherwise the whole proceeding would be nugatory."  The same practice prevails in *Massachusetts* and in *New-York.    Commonwealth* v. *Bigelow,* 3 *Pick.* 31.

If therefore, the tenant has been dispossessed of his property, both justice and authority require, that he be restored.

It has been farther urged, that a motion for restitution, is one addressed to the discretion of the court, and ought not to be granted, unless necessary for the promotion of equity and justice ; and that as the jury in this case have found a forfeiture of the lease, the tenant ought not to be restored to the possession.   Which of the parties is justly entitled to the possession, is a question, which cannot, with propriety, be determined upon a writ of error.   Neither can the wrongful proceedings before the justice, furnish legitimate evidence of the merits of the controversy.

This subject was also fully considered in the case just cited from the *English* reports.   Lord *Denman,* C. J., there remarked : "It has been said, that the court will not issue the writ, unless the party unlawfully dispossessed should appear to have title to the premises—a most inconvenient enquiry upon affidavits, and a course full of danger to the public peace, as protecting the execution of an unlawful sentence.   But in *Rex* v. *Jones,* 1 *Stra.* 474., the court declared, even where the conviction was quashed for a merely technical error, and the lease of the dispossessed persons had expired during the litigation, that they had no discretionary power in the case, but were bound to award restitution."

It is not necessary, in this case, to enquire what ought to be done, had the term of the lease expired before the reversal ; for it appears from the complaint, that the term has not yet expired.

But it is said, the practice in *Connecticut* has been different; and we are referred to the decisions of the superior court. *Bird* v. *Bird,* 2 *Root,* 411.   *Bull* v. *Olcott,* 2 *Root,* 472. These decisions are certainly opposed to what may now be considered the well established rules of the common law ; and, we cannot think, that under them such a practice has be-

come so established, as to prevent our doing justice to the parties.

*New-Haven,*
*July, 1838.*

Du Bouchet
*v.*
Wharton.

Besides, another statute provides, that upon the reversal of a judgment of an inferior court, " the plaintiff shall recover all that he has been damnified thereby." *Stat.* 54. *tit.* 2. *s.* 69. The plaintiff in error in this case has been dispossessed of the demised premises, by means of the erroneous judgment of the justice.    How then can he recover all that he has been damnified thereby,  unless he recover back the possession of which he has been deprived, by means of that judgment?    If without any such statutory provision, courts have been in the habit of awarding such writs, it would seem, that under it, there could be little doubt respecting either their power or their duty.

Our advice to the superior court, therefore, is, that the judgment of the justice ought to be reversed, and a writ of restitution awarded.

In this opinion the other Judges concurred.

Judgment to be reversed ;
and a writ of restitution awarded.