James CARSON and Bertha Carson, individually and on behalf of their minor children; Ruthie Royster, individually and on behalf of her minor children; and on behalf of all others similarly situated and Greater St. Louis Committee for Freedom of Residence, Inc., a not-for-profit Missouri corporation, Appellants,

v.

Samuel R. PIERCE, Jr. in his official capacity as Secy of Housing & Urban Development; Harry Sharrott, in his official capacity as Acting Reg. Admin. of Housing & Urban Development; Johnny Bullock, Jr. in his official capacity as Area Mgr. for St. Louis Area of Region VII of Dept. of HUD; Department of Housing & Urban Development, an executive agency of the U.S.; Spanish Lake Associates, a Michigan co-partnership and its partners; Stephen P. Hayman, individually and in his capacity as mgr. partner of Spanish Lake Assoc.; Alan J. Hayman, individually and in his capacity as mgr. partner of Spanish Lake Assoc.; and Hayman Management Company, a Michigan corporation, Appellees.

No. 82–2077.

United States Court of Appeals, Eighth Circuit.

Feb. 1, 1984.

Rehearing and Rehearing En Banc Denied Feb. 23, 1984.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and WOODS,[*] District Judge.

ORDER

Appellants seek a rehearing by the panel in this case. They state in their petition for rehearing that the issue in this case is whether a landlord may defeat through mootness a claim brought by a tenant for unlawful eviction by evicting the tenant before the claim can be heard. Indeed, if the panel opinion stood for such a proposition, we might be inclined to rehear the case. The panel opinion is based, however, upon a different representation of the essential facts.

The issue of mootness, on which this court decided the case, arose by way of a letter from appellees' counsel to this court shortly before oral argument. The letter indicated that two of the individual plaintiffs in this housing discrimination action, James and Bertha Carson, had moved from defendants' apartments on June 5, 1983. We then learned that the other individual plaintiff, Ruthie Royster, moved from defendants' apartments on or about July 15, 1981. Thus, by the time of oral argument, none of the individual plaintiffs continued to reside in the defendants' apartments. At argument, plaintiffs' counsel explained the circumstances under which the Carsons had moved. Counsel stated that the Carsons had "been able to stave off the eviction proceedings [in state court] for over a year and finally were able to move *voluntarily* into additional housing * * *." (Emphasis added.) There was no contention that the landlords had forced them to move by resort to process or other legal means of eviction or that the Carsons moved from their apartment "only to comply with a valid state court order directing them to vacate." *Appellant's Petition for Rehearing* at 3. Counsel did express his clients' continued interest in the case, but only in a contingent, speculative fashion: he indicated that the plaintiffs would be entitled to reinstatement in the apartments "if they choose to be reinstated"; however, there is no indication that they are currently seeking readmission.

Based on this information, the panel filed an opinion, 719 F.2d 931 (8th Cir.1983) affirming the district court's dismissal of the suit, 546 F.Supp. 80 (E.D.Mo.1982) because the plaintiffs' claim had become moot. The panel relied upon counsel's admission that his clients, voluntarily, had vacated their apartment and had located other housing.

By post-argument and post-opinion briefs and motions, counsel has asserted that the Carson family moved involuntarily, and only out of obedience to an adverse final appellate order in the state eviction proceeding. Additionally, counsel has now advanced a new line of legal authorities for the court to consider. This argument, based as it is on an off-the-record consideration of what motivated the Carsons to move, is not timely. We were entitled to rely upon counsel's admission in oral argument that the Carsons had voluntarily vacated their apartment. It is too late for counsel to argue otherwise.

The petition for rehearing by the panel is denied.