YANKEE SAILING COMPANY, INC., ET AL. *v.*
YANKEE HARBOR MARINA, INC., ET AL.

ARTHUR COLLINS ET AL. *v.* YANKEE SAILING
COMPANY, INC., ET AL.
(2543)
(2544)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 5—decision released September 3, 1985

*Daniel W. Moger, Jr.,* for the appellants (plaintiffs in the first case, defendants in the second case).

*James R. Fogarty,* for the appellees (named defendant et al. in the first case, named plaintiff et al. in the second case).

SPALLONE, J. In an attempt to impose some measure of clarity upon the complicated factual situation presented in these combined appeals, the first action, entitled *Yankee Sailing Co.* v. *Yankee Harbor Marina, Inc.,* will be referred to hereinafter as the "equitable action," and the second action, entitled *Arthur Collins* v. *Yankee Sailing Company,* will be referred to as the "summary process action." Unless otherwise denoted, Yankee Sailing Company, Inc., Alco Holdings, Ltd., doing business as Offshore Yachts, and A.A. Constantine[1] will be referred to as the tenants. Yankee Harbor Marina, Inc., Arthur Collins, Arthur Emil, and John Freitag[2] will be referred to as the landlords.

These cases arise out of the use of a building owned by Collins and Emil. This building was occupied by the tenants from the summer of 1982 until they were evicted in the fall of 1983. During this period, the tenants did not pay rent for the use and occupancy of the building but, instead, compensated the landlords for the use of the building by making improvements to the property under an alleged oral agreement.

The procedural history of these actions is complex. By notice to quit, dated January 5, 1983, the landlords

[1] A.A. Constantine is the president of Yankee Sailing Company, Inc., and Alco Holdings, Ltd.

[2] Collins and Emil are the officers and shareholders of Yankee Harbor Marina, Inc. Freitag is the manager of Yankee Harbor Marina, Inc.

demanded that the tenants vacate the premises on or before January 16, 1983. In response to this notice to quit, the tenants instituted the equitable action in which they sought, inter alia, temporarily and permanently to enjoin the landlords from evicting them. In the equitable action, the landlords Collins and Emil counterclaimed, seeking, inter alia, damages for trespass. The tenants moved to dismiss the summary process action because of alleged deficiencies in the notice to quit. The trial court granted the tenants' motion to dismiss the summary process action because the reasons contained in the landlords' notice to quit were mutually contradictory.[3] It denied the tenants a temporary injunction in the equitable action.

The landlords then instituted a new summary process action[4] which was consolidated for trial with the equitable action. The trial court rendered judgment for the landlords on both the complaint and the counterclaim in the equitable action, and awarded them damages on the counterclaim for use and occupancy. In the summary process action, the court awarded the landlords immediate possession. The tenants have appealed from the judgments in both actions.

On appeal, the tenants claim that the trial court erred: (1) in rendering judgment for the landlords in the summary process action on the basis of an allegedly defective notice to quit; and (2) in awarding the land-

---

[3] The reasons set forth in the notice to quit were: "1. You have no agreement of any kind to maintain possession or occupancy of the premises. 2. You have failed to keep your agreement to vacate the premises on or before January 1983."

[4] In the notice to quit in the second summary process action, the landlords demanded that the premises be vacated on or before March 1, 1983, for the following reason: "You have no right or privilege to occupy said premises."

lords damages for use and occupancy in the equitable action on the counterclaim which did not allege use and occupancy.

At oral argument, the landlords conceded that the trial court erred in the equitable action in finding for them on their counterclaim on the basis of use and occupancy.

In the summary process action, we find that the appeal is moot. The tenants failed to post bond as ordered by the court; see General Statutes §§ 47a-35 and 47a-35a;[5] and, as a result, the automatic stay pend-

---

[5] General Statutes § 47a-35 provides: "Execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days, except that in an action for nonpayment of rent, if within five days of the date judgment is rendered the defendant deposits with the clerk of the court the full arrearage then the defendant may apply for a stay of execution in accordance with section 47a-37. Notwithstanding the provisions of said section no such stay may exceed three months in the aggregate. The clerk shall distribute such arrearage to the landlord in accordance with an order of the court. An appeal shall not be taken except within such period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this section, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive."

General Statutes § 47a-35a provides: "(a) When any appeal is taken by the defendant occupying a dwelling unit as defined in section 47a-1 in an action of summary process, he shall, within the period allowed for taking such appeal, give a bond with surety to the adverse party to guarantee payment for all rents that may accrue during the pendency of such appeal, or, where no lease had existed, for the reasonable value for such use and occupancy that may so accrue; provided the court shall upon motion by the defendant and after hearing thereon order the defendant to deposit with the court payments for the reasonable fair rental value of the use and occupancy of the premises during the pendency of such appeal accruing from the date of such order. Such order shall permit the payment of such amount in monthly instalments, as it becomes due, and compliance with such order shall be a substitute for any bond required by this section.

"(b) In any other appeal the court on its own motion or on motion of the parties, may fix a sufficient bond with surety to the adverse party in such amount as it may determine."

ing appeal was terminated and they were evicted. Although a writ of restoration may issue upon a reversal of a summary process judgment; *Du Bouchet* v. *Wharton,* 12 Conn. 533, 539 (1838); such a writ can only issue if the lease has not expired by its terms. Id. In this case, the trial court found not only that there was no lease, but also that the tenants' possession was wrongful.

"[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944); quoted in *Bridgeport Jai Alai, Inc.* v. *Gaming Policy Board,* 3 Conn. App. 254, 256, 487 A.2d 208 (1985). Since the question presented to us in the appeal from the judgment in the summary process action is purely academic, we refuse to entertain it. See *Bridgeport Jai Alai, Inc.* v. *Gaming Policy Board,* supra, 257.

In the summary process action (2544), the appeal is dismissed; in the equitable action (2543), there is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs, Yankee Sailing Company, Inc., et al., on the counterclaim.

In this opinion the other judges concurred.