EVERGREEN MANOR ASSOCIATES *v.* LEAH R. FARRELL
(4433)

DUPONT, C. J., BORDEN and DALY, Js.

Argued September 15—decision released October 14, 1986

*Abraham I. Gordon,* with whom, on the brief, were *Richard S. Scalo* and *Ronald D. Japha,* for the appellant (defendant).

*David E. Schancupp,* for the appellee (plaintiff).

DALY, J. This is a summary process action brought by the plaintiff-landlord based upon a written lease executed between the parties whereby the plaintiff leased residential property to the defendant-tenant for a one year term commencing May 1, 1983, and terminating April 30, 1984.

On February 13, 1984, the plaintiff caused a notice to quit possession to be served on the defendant because of the defendant's violation of a "no pets" provision in the lease. This summary process action ensued when the defendant remained on the premises. The defendant claimed in her defense that the plaintiff and the

previous landlord had waived the "no pets" provision in the lease. The trial court rendered judgment for the plaintiff and the defendant appeals, claiming (1) that the plaintiff waived enforcement of the "no pets" provision of the lease, (2) that the plaintiff had not complied with appropriate state and federal laws relating to eviction of a federally subsidized tenant, and (3) that the trial court improperly excluded evidence as to the condition of the premises. On August 30, 1985, the trial court granted the plaintiff's motion to vacate the stay of execution of the judgment on the ground that the appeal was taken only for delay; Practice Book § 3065; and the defendant was evicted on November 4, 1985.[1]

We find that the appeal is moot.[2] While a writ of restoration may issue upon a reversal of a summary process judgment, it can only issue if the lease has not expired by its terms. *Du Bouchet* v. *Wharton,* 12 Conn. 533, 539 (1838); *Yankee Sailing Co.* v. *Yankee Harbor Marina, Inc.,* 5 Conn. App. 153, 157, 497 A.2d 93 (1985). The lease which is the basis of this appeal by its terms expired on April 30, 1984. In addition, the automatic stay pending appeal was terminated and the defendant has been evicted.

" '[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944); quoted in *Bridgeport Jai Alai, Inc.* v. *Gaming Policy Board,* 3 Conn.

---

[1] The defendant moved in this court for review of the termination of the stay. We granted the motion for review but denied the relief requested, effectively sustaining the action of the trial court.

[2] After the defendant was evicted, the plaintiff moved in this court to dismiss the appeal as moot. Although we denied the plaintiff's motion at that time, "[a]fter a review of the case upon full briefing, however, we have concluded that it is necessary to reconsider" the question of mootness. *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 187 Conn. 509, 511 n.6, 446 A.2d 1082 (1982).

App. 254, 256, 487 A.2d 208 (1985). Since the question presented to us in the appeal from the judgment in the summary process action is purely academic, we refuse to entertain it. See *Bridgeport Jai Alai, Inc.* v. *Gaming Policy Board,* supra, 257." *Yankee Sailing Co.* v. *Yankee Harbor Marina, Inc.,* supra.

The appeal is dismissed.

In this opinion the other judges concurred.