## CITY OF NEW HAVEN ET AL. *v.*
## ANGELIKA KONSTANDINIDIS
### (10784)

NORCOTT, LAVERY and LANDAU, Js.

Argued June 1—decision released September 15, 1992

*Angelika Konstandinidis,* pro se, the appellant (defendant).

*Michael Koenigsberg,* deputy corporation counsel, for the appellees (plaintiffs).

LANDAU, J. The defendant, Angelika Konstandinidis, appeals from the October 28, 1991 judgment of the trial court, *Leheny, J.,* in a summary process action, awarding possession of the subject premises, 8 Orange Street in New Haven,[1] to the plaintiff city of New Haven.[2] Subsequent to the filing of this appeal, the city filed a motion to set an appeal bond pursuant to General Statutes § 47a-35a (b).[3] In November, 1991, the trial court set a bond of $100,000. The defendant filed with this court a motion to review the trial court order setting the bond. This court granted the defendant's motion for review and remanded the matter to the trial court to conduct a hearing and set a new bond.

On March 12, 1992, the trial court, *Melville, J.,* ordered the defendant to post a bond, cash or surety, in the amount of $10,000 on or before March 23, 1992, and indicated that the failure of the defendant to post

---

[1] The defendant operated a restaurant on the first floor of the subject property.

[2] In September, 1989, the New Haven Redevelopment Agency condemned the property and offered the defendant a month to month tenancy for $525 per month with the condition that she be required to vacate the premises any time after December 27, 1989, with thirty days notice. The agency served the defendant with a notice to quit in January, 1991, and in March, 1991, initiated eviction proceedings to gain posession of the property.

[3] General Statutes § 47a-35a provides in pertinent part: "(a) When any appeal is taken by the defendant occupying a dwelling unit as defined by section 47a-1 in an action of summary process, he shall, within the period allowed for taking such appeal, give a bond with surety to the adverse party to guarantee payment for all rents that may accrue during the pendency of such appeal . . . .

"(b) In any other appeal the court on its own motion or on motion of the parties, may fix a sufficient bond with surety to the adverse party in such amount as it may determine."

the set bond would result in the stay of execution being terminated.[4] Although no motion for review of this order was filed, a motion for extension of time to post bond was filed on March 23, 1992. In response to this motion the trial court ordered that a surety bond in the amount of $10,000, or $2875 in cash, be deposited with the clerk's office on or before noon on April 15, 1992, and stated that failure to do so would result in termination of the stay of execution as of 12:01 p.m. on that date. The court further ordered that if the bond was posted on that date, the defendant was to post an additional sum of $575 on May 1, 1992, and each month thereafter or the bond would be increased to $100,000 on June 1, 1992. All the other provisions of the March 12 order were to remain in force.

The defendant did not comply with the order and, on April 21, 1992, appeared pro se, seeking, inter alia, a stay of execution of the bond. The stay was denied and a summary process execution for possession on the subject property issued. The defendant was evicted from the premises on May 27, 1992, and on the following day the city moved to dismiss the defendant's appeal, pursuant to Practice Book § 4056 on the ground that it had been rendered moot because the defendant failed to post bond as ordered by the court.

Where a tenant who is appealing from a summary process judgment in favor of the landlord has been evicted, and thus is no longer in possession of the premises, the matters on appeal are rendered moot. See *Yankee Sailing Co.* v. *Yankee Harbor Marina, Inc.,* 5 Conn. App. 153, 157, 497 A.2d 93 (1985). Because this court does not entertain moot questions, "disconnected from the granting of actual relief or from the determi-

---

[4] Practice Book § 4046 provides that if an appeal is filed, the proceedings from which the appeal is filed shall be stayed until the final determination of the cause.

nation from which no practical relief can follow"; *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944); the appeal must be dismissed.

The appeal is dismissed as moot.

In this opinion the other judges concurred.