HOUSING AUTHORITY OF THE CITY OF STAMFORD *v.*
FRITZ LAMOTHE ET AL.
(14603)

PETERS, C. J., CALLAHAN, BERDON, KATZ and PALMER, Js.

Argued March 31—decision released June 8, 1993

*Dennis J. O'Brien,* with whom were *Richard L. Tenenbaum* and *Roberta Hatch,* for the appellant (defendant Lucienne Lamothe).

*Mark H. Henderson,* with whom, on the brief, was *Eric M. Higgins,* for the appellee (plaintiff).

KATZ, J. The principal issue in this appeal is whether, under the facts of this case, the trial court improperly denied the defendant tenant, Lucienne Lamothe,[1] an opportunity to present evidence of duress and mistake in support of her motion to open a judgment by stipulation in a summary process action. The Appellate Court affirmed the judgment of the trial court, holding that the defendant had been provided an adequate opportunity to be heard. *Housing Authority* v. *Lamothe,*

---

[1] The defendant's husband, Fritz Lamothe, and her children, Carmel and Marjorie Lamothe were also named as defendants in the summary process action. Lucienne Lamothe, however, is the only defendant involved in this appeal.

27 Conn. App. 755, 761, 610 A.2d 695 (1992). We thereafter granted the defendant's petition for certification to appeal to this court.[2] *Housing Authority* v. *Lamothe,* 223 Conn. 915, 614 A.2d 822 (1992). We conclude that the trial court improperly denied the defendant an opportunity to present evidence in support of her motion to open, and therefore, reverse the judgment of the Appellate Court and direct that the case be remanded to the trial court.

The opinion of the Appellate Court set forth the following relevant facts. "In August, 1990, the plaintiff Stamford Housing Authority instituted a summary process action to recover possession of the premises at 213 Connecticut Avenue in Stamford for nonpayment of rent. Named as defendants in the summary process action in addition to Lucienne Lamothe were her husband and her two daughters. The plaintiff alleged that they failed to pay the July, 1990 rent. On July 20, 1990, a notice to quit possession was served. On September 21, 1990, the defendant and her husband filed answers admitting all the allegations in the plaintiff's complaint. They did not raise any special defense other than alleging that they untimely paid the outstanding rental fee on July 21, 1990. On October 11, 1990, the defendant and her daughters met with a rental agent and an attorney for the plaintiff. This meeting resulted in the parties' entering into a stipulated agreement under which judgment would enter in favor of the plaintiff with a final stay of execution until February 28, 1991. The defendant agreed to pay the outstanding arrearage of $1018 along with use and occupancy fees. The defendant agreed to vacate the premises on Febru-

---

[2] We granted certification limited to the following issue: "In the circumstances of this case, was the trial court required to hold an evidentiary hearing on the defendant's motion to open a stipulated judgment for summary process?" *Housing Authority* v. *Lamothe,* 223 Conn. 915, 614 A.2d 822 (1992).

ary 28, 1991. The court questioned the defendant about her understanding of this agreement. On October 11, 1990, the court rendered judgment in accordance with the stipulation. The defendant signed the judgment pro se.

"On December 21, 1990, the defendant, with the assistance of counsel, filed a motion to open the judgment. In her motion, the defendant claimed that the plaintiff's agent told her not to seek the assistance of counsel and that she was informed on October 11 that if she did not sign the stipulation she would be evicted immediately. She claimed that she entered into the stipulation without understanding its terms or the consequences of agreeing to a final stay of execution until February 28, 1991. The defendant also claimed that her husband, who had supported the family, abandoned her and the children in September, 1990. In the affidavit that accompanied the motion to open, the defendant acknowledged that she had read the motion to open and that the statements contained in it were true. The motion to open indicated that testimony would be required. The defendant maintains that she would not have signed the stipulation if she had had the assistance of counsel." *Housing Authority* v. *Lamothe,* supra, 27 Conn. App. 756–58.

On January 17, 1991, the trial court, *Melville, J.,* heard the parties' arguments on the motion to open the judgment. Through her counsel, the defendant argued that she had entered into the stipulation on October 11, 1990, without the assistance of counsel and without the benefit of an interpreter. Although the defendant might have been entitled to raise two defenses, she believed that her only alternative was to sign the stipulation in exchange for a brief reprieve from eviction for herself and her six children. Otherwise, the defendant believed that she and her family would have been evicted within five days. Her attorney argued that when the defend-

ant signed the stipulation, "although it was voluntary, it certainly was not knowing, and she waived her right to trial, she waived her right to reinstatement without understanding either of those things."

The trial court concluded that the defendant was claiming either that the court's canvass had been insufficient, or, in the alternative, that opposing counsel and the court appointed housing specialist[3] had been "oppressive or unethical" in the manner in which they had conducted their discussion. The court refused to consider the defendant's first claim because the defendant was unable, at that time, to produce a copy of the transcript of the court's canvass. The trial court then determined that the defendant's other claim, that she did not believe she had any options other than to agree to the stipulation, was an attack on the integrity of opposing counsel. The defendant explained that her challenge to the judgment was not an attack on counsel for the housing authority but was rather addressed to her lack of understanding that she had other available options. The defendant contended that she had not exercised these options because she had not been aware of them, and the housing specialist had advised her not to seek the advice of an attorney. The defendant told the trial court that she could have asserted the defense of no good cause[4] or of equitable relief from forfeiture[5]

---

[3] Housing specialists are appointed, at the discretion of the trial court, to assist "the court in the prompt and efficient hearing of housing matters within the limit of their appropriation therefor." General Statutes § 47a-69 (a). Housing specialists must, among other things, "have knowledge necessary to advise parties regarding the type of funds and services available to assist owners, landlords and tenants in the financing of resolutions to housing problems." General Statutes § 47a-69 (b); see also General Statutes § 47a-69 (c).

[4] See *Maxton Housing Authority* v. *McLean*, 313 N.C. 277, 279–82, 328 S.E.2d 290 (1985), in which the North Carolina Supreme Court held that in order to evict a tenant from low income public housing there must be a finding of fault on the part of the tenant in failing to pay rent.

[5] See *Fellows* v. *Martin*, 217 Conn. 57, 66, 584 A.2d 458 (1991) ("Connecticut Appellate and Superior Courts have applied the ancient equitable

at trial. The defendant also suggested that there were a myriad of possibilities by way of negotiation that could have been explored with the assistance of counsel, including the possibility of reinstatement upon payment of back rent and costs.[6]

The trial court concluded that neither the defense of no good cause nor the defense of equitable relief from forfeiture is legally cognizable in Connecticut, and, consequently, that it would have been a futile effort for the defendant to secure a transcript. The court then chastised the defendant for failing to be prepared to proceed with her evidence and denied the defendant's motion to open. The defendant thereafter appealed to the Appellate Court, which affirmed the judgment of the trial court. *Housing Authority* v. *Lamothe,* supra, 27 Conn. App. 761. We granted the defendant's petition for certification to appeal to decide whether, in the circumstances of this case, the trial court improperly denied the defendant an opportunity to introduce evidence in support of her motion to open. We conclude that it did.

I

Before proceeding to the merits of this appeal, we must first address an issue of subject matter jurisdiction that arose due to a change in the defendant's circumstances. *Gagnon* v. *Planning Commission,* 222 Conn. 294, 297, 608 A.2d 1181 (1992); *Sadlowski* v.

doctrine against forfeitures to summary process actions for nonpayment of rent and have occasionally, on the particular facts of each case, granted relief to the tenant.").

[6] At the time the stipulation was executed, the defendant owed $1018, including court costs and fees. The stipulation required the defendant to pay the outstanding balance owed, in addition to a $367 use and occupancy fee for November, December, January and February. By the January 17, 1991 hearing, the defendant had paid all the arrearages, court costs, fees and current rent for November, December and January as required by the stipulated judgment. *Housing Authority* v. *Lamothe,* 27 Conn. App. 755, 610 A.2d 695 (1992).

*Manchester,* 206 Conn. 579, 583, 538 A.2d 1052 (1988); *Kulmacz* v. *Kulmacz,* 177 Conn. 410, 412, 418 A.2d 76 (1979). Following the Appellate Court's affirmance of the trial court's denial of the defendant's motion to open the stipulated judgment, and shortly before this court granted her certification to appeal, the defendant and her children voluntarily vacated the subject premises. The plaintiff contends that because the defendant no longer occupies the premises, no practical relief can result from a determination of the issue presented on appeal. Consequently, the plaintiff argues that this appeal is moot.[7] *Tomasso Bros., Inc.* v. *October Twenty-Four, Inc.,* 221 Conn. 194, 201–202, 602 A.2d 1101 (1992); *New Haven* v. *Konstandinidis,* 29 Conn. App. 139, 141, 612 A.2d 822, cert. denied, 224 Conn. 920, 618 A.2d 527 (1992).

"Mootness applies to situations where events have occurred during the pendency of an appeal that make an appellate court incapable of granting practical relief through a disposition on the merits." *Papagorgiou* v. *Anastopoulous,* 29 Conn. App. 142, 146, 613 A.2d 853, cert. denied, 224 Conn. 919, 920, 618 A.2d 527 (1992); *State* v. *Tippetts-Abbett-McCarthy-Stratton,* 204 Conn. 177, 181, 527 A.2d 688 (1987). Summary process appeals are particularly susceptible to becoming moot upon some action taken by the parties. See, e.g., *Garcia* v. *Brooks Street Associates,* 209 Conn. 15, 546 A.2d 275 (1988) (plaintiff tenants vacated premises and no longer wished to occupy the building). "It is a well-

[7] After the defendant vacated the premises, the plaintiff moved in this court to dismiss the appeal as moot. We denied the plaintiff's motion without prejudice to renew at oral argument, and permitted supplemental briefing limited to the following question: "In the circumstances of this case, is a writ of restoration an available remedy to the appellant who vacated premises that were subject to an eviction order so that the appellant's appeal of the eviction judgment is not made moot?" See *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 187 Conn. 509, 511 n.6, 446 A.2d 1082 (1982).

settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Perry* v. *Perry,* 222 Conn. 799, 803, 611 A.2d 400 (1992); *Moshier* v. *Goodnow,* 217 Conn. 303, 307, 586 A.2d 557 (1991); *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571, 499 A.2d 1158 (1985).

The defendant argues that she may obtain practical relief in the form of a writ of restoration should she prevail in this appeal and on remand. *Du Bouchet* v. *Wharton,* 12 Conn. 533, 539–40 (1838); *Evergreen Manor Associates* v. *Farrell,* 9 Conn. App. 77, 78, 515 A.2d 1081 (1986). The defendant admits that she and her family left the public housing provided by the plaintiff. She maintains, however, that her departure was compelled by the existing eviction order: if her petition for certification had not been granted, she would have been faced with an eviction within days.[8] Rather than be threatened with this prospect, the defendant vacated the premises. The defendant contends that her departure from public housing under these circumstances should not preclude her from successfully seeking a writ of restoration. Although both parties agree that such a writ would allow a tenant wrongly evicted to be restored to the premises, the plaintiff argues that moving without actual eviction constituted a voluntary termination of the tenancy, barring a right of return to the premises while the defendant argues to the contrary.

[8] The stay of execution pending the final disposition of her appeal would have remained in effect until the petition for certification had been denied. General Statutes § 47a-35. Thereafter, the plaintiff would only have had to be served with an execution to accomplish the eviction, which could have been done in a matter of days. General Statutes § 47a-42.

We conclude that even if we were to hold that the viability of the present claim is adversely affected by the defendant's vacating of the premises, the appeal is not moot because the judgment has potentially prejudicial collateral consequences to the defendant. See *Southern Pacific Co.* v. *ICC*, 219 U.S. 433, 452, 31 S. Ct. 288, 55 L. Ed. 283 (1911); *State* v. *Smith*, 207 Conn. 152, 160–61, 540 A.2d 679 (1988); *Barlow* v. *Lopes*, 201 Conn. 103, 105 n.2, 513 A.2d 132 (1986); *Scalo* v. *Mandanici*, 179 Conn. 140, 146–47, 425 A.2d 1272 (1979); *Haynes* v. *Bronson*, 13 Conn. App. 708, 710–11, 539 A.2d 592 (1988); D. Kates & W. Barker, "Mootness in Judicial Proceedings: Toward a Coherent Theory," 62 Cal. L. Rev. 1385, 1391–94 (1974). The plaintiff concedes that eviction from housing authority property is one of several significant factors that the housing authority considers in deciding whether to rent to a prospective tenant. Consequently, if this appeal is dismissed because of the defendant's decision to vacate the premises in order to have sufficient time to be able satisfactorily to relocate herself and her family, the judgment against her in the underlying summary process action could have lasting negative impact upon her ability to be eligible for low income subsidized housing.

The plaintiff responds, however, that because of other problems in the defendant's family, the judgment of eviction would not be the only consideration on which the housing authority might have relied in deciding against her with regard to any future application. We conclude that the existence of other criteria does not undermine the housing authority's ability to rely on the judgment of eviction from low income subsidized housing as a basis for rejecting any future application. "[A] dispute has not actually disappeared if one of the parties still suffers injury, even if the impairment is merely collateral to the main disagreement." G. Nichol, Jr., "Moot Cases, Chief Justice Rehnquist, and the Supreme

Court," 22 Conn. L. Rev. 703, 713 (1990); *Carafas* v. *LaVallee,* 391 U.S. 234, 239, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); see *United States* v. *Galante,* 298 F.2d 72, 73 (2d Cir. 1962); *Scalo* v. *Mandanici,* supra, 146–47; see also *Barlow* v. *Lopes,* supra, 105 n.2. "Taking this fact in conjunction with the importance of the issue raised," we conclude that this collateral consequence is sufficient to defeat the plaintiff's claim of mootness.[9] *Moshier* v. *Goodnow,* supra, 308; *Griffin* v. *Planning & Zoning Commission,* 30 Conn. App. 643, 648–49, 621 A.2d 1359 (1993).

## II

Having determined that this court has jurisdiction over this case, we proceed to address the merits of this appeal. The defendant claims that, in the circumstances of this case, the trial court improperly failed to hold an evidentiary hearing on the defendant's motion to open a stipulated judgment for summary process. The Appellate Court concluded that the trial court was acting within the proper exercise of its discretion to deny the defendant's motion to open the stipulated judgment filed pursuant to Practice Book § 326[10] and General

---

[9] Because we find this potential collateral and adverse consequence sufficient to overcome the plaintiff's mootness challenge, we do not address the issue of whether a tenant seeking to challenge an eviction ruling on appeal, in order to avoid a dismissal on the ground of mootness, must remain in possession until an eviction order is executed to preserve a right to a writ of restoration or whether the tenant may voluntarily vacate the premises.

[10] Practice Book § 326 provides in pertinent part: "SETTING ASIDE OR OPENING JUDGMENTS

"Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court."

Statutes § 52-212a.[11] *Housing Authority* v. *Lamothe,* supra, 27 Conn. App. 759–63.

We agree with the Appellate Court that "[a] stipulated judgment, although obtained by the consent of the parties is binding to the same degree as a judgment obtained through litigation," and that it can be set aside only if obtained by fraud, accident or mistake. Id., 759; *Gillis* v. *Gillis,* 214 Conn. 336, 340, 572 A.2d 323 (1990). We further concur that a decision to open or not to open a judgment falls within the trial court's discretion and will be overturned on appeal only if such discretion was abused or if an unreasonable result was reached. *Housing Authority* v. *Lamothe,* supra, 27 Conn. App. 760; see *Red Rooster Construction Co.* v. *River Associates, Inc.,* 224 Conn. 563, 575, 620 A.2d 118 (1992); *Walton* v. *New Hartford,* 223 Conn. 155, 169–70, 612 A.2d 1153 (1992).

This appeal does not, however, require us to determine the merits of the trial court's denial of the motion to open or its substantive rejection of the two defenses proffered by the defendant.[12] Rather, we confine our-

[11] General Statutes § 52-212a provides: "CIVIL JUDGMENT OR DECREE REOPENED OR SET ASIDE WITHIN FOUR MONTHS ONLY. Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court."

[12] Whether the good cause defense set forth in *Maxton Housing Authority* v. *McLean,* 313 N.C. 277, 328 S.E.2d 290 (1985), should be the law of Connecticut is a question that cannot be decided in a vacuum. Issues surrounding public housing, its availability and affordability, require exploration against particular facts of a particular tenant seeking to take advantage of this "no fault" defense. Whether the *Maxton* decision is an aberration, or deserves recognition under the facts of this case, or is a question best addressed by the legislature are all matters that can be raised and decided in the first analysis by the trial court after a complete evidentiary hearing. Similarly, whether the equitable defense as set forth in *Fellows* v. *Martin,* 217 Conn. 57, 584 A.2d 458 (1991), has any place in this case, can also be

selves to the certified issue of whether the trial court should have conducted an evidentiary hearing to allow the defendant to attempt to demonstrate the alleged duress or mistake behind the decision to enter into the stipulated agreement. The majority of the Appellate Court concluded that the trial court had acted within its proper discretion in failing to conduct an evidentiary hearing. We disagree.

The Appellate Court held that the defendant had not been denied an opportunity to present evidence supporting her motion to open the stipulated judgment. *Housing Authority* v. *Lamothe,* supra, 27 Conn. App. 760. Recognizing that a defendant has a procedural due process right to an opportunity to be meaningfully heard before property rights can be taken away;[13] *All Brand Importers, Inc.* v. *Department of Liquor Control,* 213 Conn. 184, 208, 567 A.2d 1156 (1989); the Appellate Court concluded that the trial court had satisfied this constitutional obligation. The Appellate Court gave two reasons[14] for its decision: (1) that the defend-

determined only in a specific factual context and is an issue that can be raised and decided in the first instance by the trial court after a complete evidentiary hearing.

[13] The defendant's leasehold interest is a property interest in the premises deserving of constitutional protections. See *Devines* v. *Maier,* 665 F.2d 138, 141 (7th Cir. 1981); *Escalera* v. *Housing Authority,* 425 F.2d 853, 861 (2d Cir.), cert. denied, 400 U.S. 853, 91 S. Ct. 54, 27 L. Ed. 2d 91 (1970); *Hite* v. *Field,* 38 Conn. Sup. 70, 74–75, 462 A.2d 393 (1982) (month to month tenant has property right in premises that is subject to constitutional protection); *Housing Authority* v. *McKenzie,* 36 Conn. Sup. 515, 522, 412 A.2d 1143, cert. denied, 179 Conn. 751, 405 A.2d 673 (1979) ("tenant in a public housing project [must] have timely and adequate notice detailing the reasons for a proposed eviction and an effective opportunity to defend by cross-examining witnesses and providing evidence and argument").

[14] The majority also noted that the defendant had failed to produce any case law supporting the defense of no good cause for eviction. This lack of preparation in regard to legal argument does not reflect, however, on the issue of whether the defendant was asking for and ready to proceed with an evidentiary hearing to present testimony regarding the voluntariness of her stipulation.

ant had failed to produce a transcript of the October 11, 1990 proceedings; and (2) that the defendant was not prepared, as evidenced by the trial court's remark, " '[Y]ou should have known by the issues you have raised that evidence was going to be required to support your position.' " *Housing Authority* v. *Lamothe,* supra, 27 Conn. App. 761.

The parties concur that in seeking to open a stipulated judgment, the defendant had the burden at the hearing on the motion to open to do more than assert an unadorned claim that she had entered into the stipulation by mistake or duress. If, however, the defendant's motion to open, grounded on mistake or duress, necessarily requires the court to make a factual determination before it can exercise its discretion to grant or deny the motion, due process requires a hearing to provide the parties with an opportunity to present evidence. *Cromwell Commons Associates* v. *Koziura,* 17 Conn. App. 13, 17, 549 A.2d 677 (1988).

We conclude that the record establishes that the defendant, although not thoroughly versed on the nuances of the good cause doctrine developed in North Carolina,[15] was prepared to go forward with at least the evidentiary part of the hearing, if not the supporting legal argument. The defendant was in court and thus available to testify in support of the allegations set forth in her motion. Her testimony would have provided the facts necessary for a proper evaluation of the legal issues raised by the motion and the background against which the legal theories could have been tested. The trial court effectively precluded the defendant from making such a showing.[16]

[15] See footnote 4.

[16] See *Housing Authority* v. *Lamothe,* 27 Conn. App. 755, 765 n.2, 610 A.2d 695 (1992) (*Lavery, J.,* dissenting).

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court to permit the defendant a full evidentiary hearing on her motion to open the stipulated judgment.

In this opinion PETERS, C. J., BERDON and PALMER, Js., concurred.

CALLAHAN, J., dissenting. The purpose of a summary process action is to enable a landlord to recover possession of leased premises from a tenant. *Jefferson Garden Associates* v. *Greene,* 202 Conn. 128, 143, 520 A.2d 173 (1987).

That purpose has been achieved here by the voluntary abandonment of the leased premises by the defendants during the course of these appellate proceedings while a stay of execution was in effect. It would appear, therefore, that this appeal is moot. *New Haven* v. *Konstandinidis,* 29 Conn. App. 139, 141, 612 A.2d 822 (1992); *Yankee Sailing Co.* v. *Yankee Harbor Marina, Inc.,* 5 Conn. App. 153, 156–57, 497 A.2d 93 (1985); see *Carson* v. *Pierce,* 726 F.2d 411, 412 (8th Cir. 1984).

The majority has determined, however, that solely because the judgment of eviction for nonpayment of rent may have "potentially prejudicial collateral consequences" for the defendants, the appeal is not moot. I disagree. Ostensibly competent adults, represented by counsel, should not be able to disavow the predictable consequences of their voluntary actions simply because it is to their advantage to do so. Moreover, the majority opinion sets a dangerous precedent. Presumably, now a delinquent tenant will be able to vacate leased premises during any stage of a summary process proceeding and yet continue to defend in view of the fact that every such proceeding has "potentially

prejudicial collateral consequences" in the form, for example, of poor credit ratings and negative references.

I would dismiss the appeal as moot. *Sadlowski* v. *Manchester,* 206 Conn. 579, 583, 538 A.2d 1052 (1988).