## CASTLE APARTMENTS, INC. *v.* DEANNA L. PICHETTE (12443)

O'CONNELL, LANDAU and SCHALLER, Js.

Argued March 1—decision released May 31, 1994

*Deanna L. Pichette,* pro se, the appellant (defendant).

*Roger G. Nielson,* for the appellee (plaintiff).

O'CONNELL, J. This is the defendant tenant's appeal from the granting of a final stay of execution in a summary process action grounded on nonpayment of rent. On August 19, 1992, the trial court, *Berger, J.,* rendered judgment in accordance with the parties' stipulation providing that judgment of possession enter in favor of the plaintiff landlord with a stay of execution through September 30, 1993. The stipulated judgment also required the defendant to make monthly use and occupancy payments.

Thereafter, the plaintiff filed an affidavit regarding noncompliance with the stipulation, averring that the defendant failed to make the required use and occupancy payments. On March 22, 1993, an execution issued against the defendant. The defendant filed a motion seeking an injunction prohibiting the plaintiff from using the execution to evict her. On April 5, 1993, the trial court, *Holzberg, J.,* enjoined enforcement of the execution and granted a final stay of execution through July 31, 1993. The defendant has appealed from Judge Holzberg's decision. We affirm the judgment of the trial court.

The defendant did not appeal from the August 19, 1992 judgment of possession in favor of the plaintiff and is now time barred from raising any claim that should have been raised in an appeal from that judgment, including the right to possession. Additionally, because the defendant failed to move to open or set aside that judgment, she has waived any claim stemming from it. On appeal, the defendant is limited to

her argument that on April 5, 1993, the trial court improperly imposed a "final" stay of execution and that she is entitled to have the execution stayed for an additional period of time.[1]

A problem arises, however, because the defendant vacated the premises during the pendency of this appeal. We have consistently held that an appeal from a summary process judgment becomes moot where, at the time of appeal, the defendant is no longer in possession of the premises. *New Haven* v. *Konstandinidis,* 29 Conn. App. 139, 612 A.2d 822, cert. denied, 224 Conn. 920, 618 A.2d 527 (1992); *Evergreen Manor Associates* v. *Farrell,* 9 Conn. App. 77, 515 A.2d 1081 (1986); *Yankee Sailing Co.* v. *Yankee Harbor Marina, Inc.,* 5 Conn. App. 153, 497 A.2d 93 (1985).

The *Yankee Sailing Co.* line of cases, however, must be read in light of our Supreme Court's recent decision in *Housing Authority* v. *LaMothe,* 225 Conn. 757, 765, 627 A.2d 367 (1993). In *LaMothe,* the Stamford housing authority brought a summary process action against a family in low income subsidized housing. The parties entered into a stipulated judgment giving possession to the landlord but staying the execution for a period of time. The tenants filed a motion to open that judgment claiming that they did not knowingly enter into the agreement on which the stipulated judgment was based. The trial court denied the motion and, while an appeal from the denial was pending, the tenants abandoned the premises. The landlord argued that the appeal was moot because the tenants were out of possession. The Supreme Court concluded that the

---

[1] The defendant also claims that she is entitled to reimbursement of $300 she paid covering the plaintiff's attorney's fees, sheriff's fees and court costs. It is not clear that this claim was raised in the trial court because such an order is not reflected in the judgment file. Furthermore, no transcript of the trial court proceedings has been furnished to this court. Accordingly, we will not consider this claim.

appeal was not moot because adverse collateral consequences might flow from the judgment of possession since the tenants might have difficulty obtaining subsidized housing in the future. Id., 765–66. Consequently, the Supreme Court remanded the case to the trial court for an evidentiary hearing on the motion to open the judgment.

Although the defendant in the present appeal is also a tenant in low income subsidized housing, this appeal can be distinguished from *LaMothe,* which concerned the opening of a judgment of possession. Unlike *LaMothe,* the tenant here is barred from challenging the judgment of possession because she failed to file a motion to open or set aside that judgment in the trial court. Regardless of the result of this appeal, the summary process judgment will remain in effect. Thus, the collateral consequences that were of concern to the *LaMothe* court are not relevant here. The defendant here is out of possession and has foregone her right to appellate review concerning the issue of possession; any of her claims that stem from the trial court's April 5, 1993 judgment are moot.

Simply stated, the question of extending the time within which the plaintiff is barred from evicting the defendant from premises that she does not occupy is a classic example of mootness. Because this court does not entertain moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow; *New Haven* v. *Konstandinidis,* supra, 29 Conn. App. 141–42; the appeal must be dismissed.

The appeal is dismissed as moot.

In this opinion the other judges concurred.