DEE C. CHESHIRE *v.* EUSTACE H. LEWIS, JR., ET AL.
(AC 22706)

Lavery, C. J., and Bishop and Stoughton, Js.

Argued February 19—officially released April 1, 2003

*Eustace H. Lewis, Jr.*, pro se, the appellant (named defendant).

*Jane Cable*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this summary process action, the defendant Eustace H. Lewis, Jr.,[1] appeals from the judgment of the trial court awarding possession of certain premises to the plaintiff, Dee C. Cheshire. On appeal, the defendant claims that the court improperly (1) interpreted the Connecticut housing and safety laws and (2) rejected his request for a court-ordered inspection of the premises. The defendant also claims that the actions of his attorney obstructed justice. We dismiss the defendant's appeal as moot.

The record discloses the following facts. In March, 2001, the parties entered into an oral month-to-month lease agreement for the premises at 268 Flanders Road in Mystic, which included a mobile home. The parties

---

[1] Nancy Nardone also is a defendant. We refer in this opinion, however, to Lewis as the defendant.

agreed to the monthly rate of $550, payable on the first day of each month. On October 12, 2001, the defendant received a valid notice to quit possession for failure to pay the October rent. After the defendant refused to quit possession of the premises, the plaintiff commenced the present summary process action to which the defendant raised certain special defenses.[2]

After a hearing, the court concluded that the defendant had failed to pay the rent due on October 1, 2001, and that he had failed to establish certain housing and health code violations. The court rendered judgment for the plaintiff, with a statutory stay of execution. Subsequently, the plaintiff filed a motion for a termination of the stay of execution. The court granted the motion on February 27, 2002, because it determined that the appeal was taken solely for the purpose of delay.

During oral argument before this court, the defendant, in response to a question asked by the court, stated that he no longer resided at 268 Flanders Road and that he had not resided there since March 15, 2002. "We have consistently held that an appeal from a summary process judgment becomes moot where, at the time of the appeal, the defendant is no longer in possession of the premises." *Castle Apartments, Inc.* v. *Pichette*, 34 Conn. App. 531, 533, 642 A.2d 57 (1994). Furthermore, the defendant failed to raise any adverse collateral consequences that might flow from the court's judgment. See *Housing Authority* v. *Lamothe*, 225 Conn. 757, 765, 627 A.2d 367 (1993). Accordingly, the appeal is dismissed as moot.

The appeal is dismissed.

---

[2] The defendant alleged that he was relieved of the obligation to pay rent because of certain housing and health code violations. In support of this special defense, the defendant claimed that the plaintiff failed to supply reasonable amounts of hot water and failed to make repairs to the rear door of the premises.