## WILLIAM RAINO ET AL. *v.* SUPERMARKETS GENERAL CORPORATION
### (9750)

O'CONNELL, FREEDMAN and CRETELLA, Js.

Argued April 7—decision released June 23, 1992

*Dana P. Lonergan,* for the appellants (plaintiffs).

*J. Kevin Golger,* with whom, on the brief, was *Gregory P. Lynch,* for the appellee (defendant).

CRETELLA, J. The plaintiffs[1] appeal from a judgment for the defendant, rendered after a jury trial, in an action for personal injuries and loss of consortium. The plaintiffs claim that the trial court improperly refused to admit into evidence the handwritten notes of the defendant's night manager that were made soon after he learned of William Raino's injury in the defendant's store. The plaintiffs claim that these notes, although constituting hearsay, should have been admitted into evidence under one of several exceptions to the hearsay rule. We affirm the judgment of the trial court.

The plaintiffs' revised complaint alleged that William Raino was a customer at the defendant's Pathmark store in Bridgeport on August 30, 1987, when he fell as a result of a Pathmark employee's striking his cane with a broom. During the plaintiffs' case-in-chief, an incident investigation report prepared by Pathmark regarding the injury claim was introduced into evidence without objection as a business record. The incident report gave the customer's description of the incident, listed witnesses, and contained other relevant information.[2]

---

[1] This action was brought by the named plaintiff and Kathleen Raino, his wife. Both are parties to this appeal.

[2] The customer description of incident portion of the incident investigation report stated: "customer was bagging his groceries at register #8 (bagging one handed and holding a cane in the other hand) when maintenance

Kelly Alleyne, a cashier employed by the defendant at the time of the incident was called by the defendant as a witness. During the cross-examination of Alleyne, the plaintiffs sought to introduce into evidence the handwritten notes of James Fratantonio, the defendant's night manager at the time of the incident. Alleyne could not identify the notes, but the plaintiffs offered the notes as an admission. The defendant's objection to the offer of the notes was sustained by the court. The other cashier, Sandy Rishel, was not called by either party as a witness.

Later in the trial, during the plaintiffs' cross-examination of Fratantonio, the plaintiffs again sought to introduce the same handwritten notes into evidence. Fratantonio had testified that William Raino telephoned him to report the incident about an hour after it had occurred. He then spoke to a cashier about the incident and made notes on a piece of scratch paper. Although Fratantonio testified that his notes reflected what he learned regarding the incident and that he relayed the information in the notes to the general store manager, Peter Mazurski, he also testified that it was not part of his business to keep notes of this nature and that the notes were not kept by him or Pathmark in the ordinary course of their business. Fratantonio stated that the incident report prepared by Mazurski and already admitted into evidence constituted the business record regularly used by Pathmark to preserve accident information.

---

man sweeping the front end knocked his cane out from under him and he fell to the floor.''

The incident investigation report listed the following witnesses: ''Sandy Rishel (cashier)'' and ''Kelly Alleyne (cashier).''

The remarks portion of the incident investigation report contained the following additional relevant information: ''cashier was Kelly Alleyne, saw incident, Eugene hit cane by accident, said was sorry, Mr. Raino said he was OK and left with his groceries.''

The plaintiffs claimed that the notes should be admitted into evidence under an exception to the hearsay rule as an admission, as a declaration against interest, as a business record, and under the catchall exception. The defendant again objected to the offer of the notes on any of these grounds. The objection was sustained by the trial court. The plaintiffs did not attempt to offer the notes into evidence during the remainder of the trial.

An out-of-court statement that is offered to establish the truth of the matters contained therein is hearsay. *State* v. *Rinaldi,* 220 Conn. 345, 359, 599 A.2d 1 (1991); *State* v. *Rochette,* 25 Conn. App. 298, 303, 594 A.2d 1006 (1991). On appeal, the plaintiffs claim that Fratantonio's notes should have been admitted into evidence under an exception to the hearsay rule (1) as a business record, (2) as an admission by adoption, (3) as Fratantonio's past recollection recorded, (4) as a prior inconsistent statement, and (5) under the catchall exception to the hearsay rule. We will not review the plaintiffs' third and fourth claims because neither of these grounds for the admission of the notes was raised in the trial court. *O & G Industries, Inc.* v. *Mizzoni,* 23 Conn. App. 19, 23, 578 A.2d 672 (1990); *DiSorbo* v. *Grand Associates One Limited Partnership,* 8 Conn. App. 203, 206–209, 512 A.2d 940 (1986). We now address the plaintiffs' remaining claims, which were properly preserved for appeal.

## BUSINESS RECORD EXCEPTION

The plaintiffs claim that Fratantonio's notes were such an integral part of the Pathmark incident investigation report, which did qualify as a business record under General Statutes § 52-180,[3] that the notes, too,

---

[3] General Statutes § 52-180 provides in pertinent part: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record any act, transaction, occurrence or event, shall

must be admitted under the business record exception to the hearsay rule. It is a correct statement of law that preliminary or investigative notes used in the preparation of an admissible business record can be a business record under § 52-180,[4] but not every statement contained in a document qualifying as a business record is necessarily admissible. To be admissible under § 52-180, the contents of a business record must be based on the entrant's own observations or on information transmitted to him by an observer whose business duty it was to transmit it to him. Statements obtained from volunteers are not admissible, although included in a business record, because it is the duty to report in a business context that provides the reliability to justify this hearsay exception. Information in a business record obtained from a person with no duty to report is admissible only if it falls within another hearsay exception. *In re Barbara J.*, 215 Conn. 31, 40, 574 A.2d 203 (1990); *D'Amato* v. *Johnston*, 140 Conn. 54, 59, 97 A.2d 893 (1953).

---

be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter."

[4] Even investigative notes must meet the preliminary requirements of General Statutes § 52-180, "(1) that the record was made in the regular course of business, (2) that it was the regular course of the business to make the writing, and (3) that the writing was made at the time of the transaction or occurrence, or within a reasonable time thereafter." *State* v. *Crumble*, 24 Conn. App. 57, 69, 585 A.2d 1245 (1991). Although Fratantonio testified that his notes were only scratch paper and that, as such, the notes were not kept by him or Pathmark in the ordinary course of business, he also testified that he was in charge of the store at the time of the incident, that it was his duty to investigate promptly what had occurred, and that he recorded what he learned in the course of his investigation on the scratch paper that he used. While we believe that the notes meet the criteria set forth in § 52-180, we conclude that the notes were not admissible under the business record exception for reasons other than their failure to qualify as a business record.

The admissibility of the notes as a business record fails, not because the notes do not qualify as a business record, but because a proper foundation was not laid. It was not established that the information contained in the notes was transmitted to Fratantonio by an observer whose duty it was to transmit such observations. See *State* v. *Palozie,* 165 Conn. 288, 295–96, 334 A.2d 468 (1973). Fratantonio testified that he spoke to the plaintiff and a cashier in preparing his notes. He could not recall who the cashier was; he did not know whether the cashier had witnessed the accident; the notes also contain references to other individuals whose identity was not established; the notes contained the names of the cashiers that had not been written by him and had been crossed out. While a cashier would certainly have a duty to report accurately a worksite injury to supervisory personnel, the foundation testimony on which the plaintiff sought to establish the admissibility of Fratantonio's notes failed to establish whether the information, in fact, came from the cashier and, if it did, whether the cashier's information was based on personal observation or the hearsay statements of others. Statements of persons who do not have a business duty to report pertinent information, even where they are included in a business record prepared by a person who does have such a duty, are not admissible under § 52-180. Id. Because the foundation testimony failed to establish the source of the information contained in the notes,[5] the trial court correctly precluded their admission under the business record exception to the hearsay rule.

---

[5] The conclusion here does not conflict with our analysis in *Shuchman* v. *State Employees Retirement Commission,* 1 Conn. App. 454, 472 A.2d 1290 (1984). In *Shuchman,* we concluded that "[i]t is not necessary to prove the specific identity of the informant." Id., 459. Essential to that conclusion, however, was the determination that, although the identity of the source of the information was unknown, the information did, in fact, come from a person whose business duty involved submitting the information

## Admission

The plaintiffs next claim that Fratantonio's notes were admissible as adoptive admissions of the defendant because the statements therein were reflected in the defendant's incident investigation report. "When a party's conduct indicates that the party assents to or adopts a statement made by another person, the statement is admissible against the party." C. Tait & J. LaPlante, Connecticut Evidence § 11.5.5. Under this exception to the hearsay rule, "a party's use of a document made by a third person will amount to an approval of its statements as correct and, accordingly, may be received against him as an 'admission by adoption.' . . . This applies even to information based on hearsay as it may be assumed that the user of the writing informed himself of its contents. . . . The circumstances surrounding the use of such a document are significant in determining whether its use constitutes an admission by adoption." (Citations omitted.) *Falker* v. *Samperi,* 190 Conn. 412, 426, 461 A.2d 681 (1983).

In the present case, the plaintiffs did not establish a sufficient foundation to allow the notes into evidence as an admission by adoption. The plaintiffs failed to establish the relationship between Fratantonio's notes and the Pathmark incident report. Fratantonio never testified that he approved of the statements contained in the notes and reported them as an accurate portrayal of the accident to Peter Mazurski, his supervisor, who was responsible for preparing the incident investiga-

for inclusion in the report and not from "an officious intermeddler, foreign to the affairs of the [business enterprise]." Id., 458. The same cannot be said here with any degree of certainty since neither the notes nor the testimony regarding them indicates the source of the statements contained therein. Furthermore, the source of at least some of the statements contained in the notes appears to be the plaintiff William Raino, who certainly had no business duty to Pathmark in this context. See *Schwarz* v. *Waterbury Public Market, Inc.,* 6 Conn. App. 429, 435–36, 505 A.2d 1272 (1986).

tion report. In fact, Mazurski later testified that he could not recall seeing the notes before trial and that he could not recall the source of his information in preparing the incident report. Without sufficient foundation regarding the precise use to which the notes were put or the claimed relationship between the notes and the report, the trial court properly excluded the notes as an admission by the defendant or its managerial employees.

## CATCHALL EXCEPTION

The plaintiffs also seek to establish the admissibility of Fratantonio's notes under the so-called catchall exception to the hearsay rule. This claim need not detain us long.

"Though generally inadmissible, hearsay may be admitted if there is a *sufficient probability that the statement is reliable and trustworthy,* if the evidence contained in the statement is *necessary to [the] resolution of the case,* and if the trial court concludes that admitting the statement is in the interests of justice." (Emphasis added.) *State* v. *Stepney,* 191 Conn. 233, 249–50, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984). The plaintiffs, however, failed to satisfy the key requirements of reliability and necessity for admission of the notes under this exception to the hearsay rule. The fact that Fratantonio could not identify the source of the various statements in his notes, the fact that he never vouched for the accuracy of the information in his notes, the failure to establish the precise relationship between the notes and the incident report and the fact that the incident report, which the plaintiff asserts contains much or all of the information in the notes, was already introduced in evidence, undercut both the reliability prong and the necessity prong of the catchall excep-

tion. Consequently, we agree with the trial court that Fratantonio's notes were not admissible under this exception to the hearsay rule.

The judgment is affirmed.

In this opinion the other judges concurred.