## SUZANNE BAUGHMAN *v.* PATRICK COLLINS ET AL.
### (AC 18496)

Lavery, Schaller and Hennessy, Js.

Submitted on briefs September 29—officially released November 30, 1999

*Robert G. Golger* filed a brief for the appellant (plaintiff).

*M. Jeffry Spahr*, for the appellees (defendants).

*Opinion*

LAVERY, J. Suzanne Baughman, the plaintiff in this personal injury action, appeals from the judgment of the trial court rendered after a jury verdict in favor of the defendants, Patrick Collins and the city of Norwalk. On appeal, the plaintiff claims that the trial court improperly admitted into evidence (1) the contents of a police report that contained hearsay statements of nonparty witnesses and (2) the defendants' requests for admission because the responses were not competent evidence. We reverse the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiff commenced an action against the defendants, alleging that she sustained injuries as the result of a motor vehicle collision that occurred on May 16, 1992, when Collins, a Norwalk police officer, drove his police vehicle into her automobile at an intersection. The defendants filed a counterclaim for property damage to the police vehicle. The jury returned verdicts against the plaintiff on her complaint and for the defendants on their counterclaim.

"It is a well established principle of law that the trial court may exercise its discretion with regard to evidentiary rulings, and the trial court's rulings will not be disturbed on appellate review absent abuse of that discretion. . . . Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law . . . . And [it] requires a knowledge and understanding of the material circumstances surrounding the matter . . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling." (Internal quotation marks omitted.)

*State* v. *Orhan*, 52 Conn. App. 231, 237, 726 A.2d 629 (1999). "Evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the [appellant] of substantial prejudice or injustice." *State* v. *Hernandez*, 204 Conn. 377, 390, 528 A.2d 794 (1987).

I

The plaintiff first claims that the trial court abused its discretion by admitting into evidence the police report of the accident because it contained hearsay statements and was prejudicial. We agree.

During trial, the defendants sought to put the police report of the accident into evidence. The plaintiff objected because the report contained the statements of three nonparty witnesses who were bystanders to the accident. The court overruled the plaintiff's objection. The report was prepared by the investigating officer, who had a duty to observe and file the report. The report, however, contained hearsay statements from the three bystanders, who indicated that the police car's siren and flashing lights were being used, and that the plaintiff's vehicle was operating at a high rate of speed. The individuals were passersby who had no business duty to report what they saw or heard at the scene of the accident. The bystanders were not called to testify, and the plaintiff did not have an opportunity to cross-examine them.

An out-of-court statement that is offered to establish the truth of the matters contained therein is hearsay. See *State* v. *Rinaldi*, 220 Conn. 345, 359, 599 A.2d 1 (1991); *State* v. *Rochette*, 25 Conn. App. 298, 303, 594 A.2d 1006, cert. denied, 220 Conn. 912, 597 A.2d 337 (1991), cert. denied, 502 U.S. 1045, 112 S. Ct. 905, 116 L. Ed. 2d 806 (1992). The business records exception

to the hearsay rule is set forth in General Statutes § 52-180.[1] "[N]ot every statement contained in a document qualifying as a business record is necessarily admissible. To be admissible under § 52-180, the contents of a business record must be based on the entrant's own observations or on information transmitted to him by an observer whose business duty it was to transmit it to him. Statements obtained from volunteers are not admissible, although included in a business record, because it is the duty to report in a business context that provides the reliability to justify this hearsay exception. Information in a business record obtained from a person with no duty to report is admissible only if it falls within another hearsay exception." *Raino* v. *Supermarkets General Corp.*, 28 Conn. App. 56, 60, 609 A.2d 1047, cert. denied, 223 Conn. 924, 614 A.2d 825 (1992).

" 'A police report generally is admissible as a business record under General Statutes § 52-180. *State* v. *Sharpe*, 195 Conn. 651, 663, 491 A.2d 345 (1985). To qualify under this statute the report must be based entirely upon the police officer's own observations or upon information provided by an observer with a business duty to transmit such information. Id.; *D'Amato* v. *Johnston*, 140 Conn. 54, 59, 97 A.2d 893 (1953). For example, a report prepared by an officer in charge of an accident investigation is admissible in its entirety, despite the fact that it contains information received from other officers assisting in the investigation. Such a report is not admissible, however, if it contains information furnished by a mere bystander. . . . *State* v. *Sharpe*, supra, 663–64; *State* v. *Palozie*, 165 Conn. 288, 295, 334

---

[1] General Statutes § 52-180 (a) provides: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter."

A.2d 468 (1973).' *In re Jesus C.*, 21 Conn. App. 645, 652–53, 575 A.2d 1031, cert. dismissed, 216 Conn. 819, 581 A.2d 1055 (1990); see also *Emhart Industries, Inc.* v. *Amalgamated Local Union 376 UAW*, 190 Conn. 371, 385, 461 A.2d 422 (1983)." *O'Shea* v. *Mignone*, 35 Conn. App. 828, 832, 647 A.2d 37, cert. denied, 231 Conn. 938, 651 A.2d 263 (1994).

Because the police report contains unredacted hearsay statements made by three bystanders, it was not admissible as a business record. The defendants have not identified any exception to the hearsay rule that would make the hearsay statements admissible. Furthermore, because the hearsay statements concern the use of a siren, flashing lights and the speed of the plaintiff's vehicle, critically important facts in a motor vehicle accident of this nature, the evidence was prejudicial to the plaintiff. The trial court, therefore, abused its discretion by admitting the police report.

## II

The plaintiff's second claim is that the trial court abused its discretion by admitting into evidence the defendants' requests for admission. Because this issue is likely to recur at the new trial, we will address it here.

The following facts are necessary for our resolution of this claim. On the return date, the defendants propounded certain requests for admission to the plaintiff,[2] pursuant to Practice Book § 13-22. The plaintiff never responded to the defendants' requests, and the defen-

---

[2] The relevant requests for admission are:

"9. Admit that Ana Sieling and Andrea Calve were both witnesses to the collision."

"10. Admit that both witnesses, Sieling and Calve, stated to the investigating officer, Ramos, that they saw and heard the [named defendant's] vehicle traveling south on Scribner Avenue."

"11. Admit that the witness Sieling also stated that the [plaintiff's] vehicle was traveling at a high rate of speed when it entered the intersection of Connecticut and Scribner Avenue."

dants sought to have the admissions entered into evidence as judicial admissions.[3] The requests for admission concerned the statements made by the bystander witnesses to the accident. The plaintiff admitted that the statements were contained in the police report, but did not admit that the bystanders saw the accident or the truth of their statements.

"Pursuant to Practice Book § 238 [now § 13-22], a party may serve on any other party a request for admission of the truth of any matter relevant to the disposition of the pending action. Generally, any matter admitted by the party to whom the request is made is conclusively established. Practice Book § 240 [now § 13-24]. Admissions obtained may be offered into evidence, but their admissibility is subject to evidentiary principles, including the hearsay rule. See *Larson* v. *Fazzino*, 216 Conn. 431, 433 n.4, 582 A.2d 179 (1990); *Falcone* v. *Night Watchman, Inc.*, 11 Conn. App. 218, 219 n.1, 526 A.2d 550 (1987); 8 C. Miller & A. Wright, Federal Practice and Procedure (1970) § 2264." *Martins* v. *Connecticut Light & Power Co.*, 35 Conn. App. 212, 227, 645 A.2d 557, cert. denied, 231 Conn. 915, 648 A.2d 154 (1994). Because the statements made by the bystander witnesses are hearsay, the requests for admission are not competent evidence. The court abused its discretion by admitting the requests for admission into evidence.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[3] The plaintiff admitted prior to trial that her failure to respond was an admission, but she attempted to amend the effect of her failure to respond. The agreement of the parties and the trial court's action with regard to amending the response is not relevant to the appeal.