[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding at this time is the defendant's motion for summary judgment. The plaintiff alleges that on or about January 13, 1997, she was operating her motor vehicle when she was involved in an accident with Ronald Gomes' automobile. She asserts that the accident was the result of Gomes' negligence and that he was uninsured and operating an uninsured vehicle at the time of the accident. She also claims that she had an insurance contract with the defendant pursuant to which she was covered against uninsured/underinsured motor vehicles. She continues by reciting that the defendant is liable for the damages she sustained pursuant to CT Page 6812 the term of the insurance contact, that she has demanded payment and that the demand has not been honored. The defendant has filed an answer and three special defenses. The answer frames a denial of an insurance contract. The defendant's motion has not been responded to by any documentation as required under the rules.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citation omitted; emphasis in original; internal quotation marks omitted.) Miller, supra, 752.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554 (1998).
The defendant submitted four items of evidence with its motion: Exhibit A is a copy of a notice of request to admit and a request to admit, both dated October 4, 2001, which the defendant served on the plaintiff s counsel; Exhibit B is a copy of the plaintiffs notice of compliance with the defendant's additional interrogatories and the plaintiffs answers to those interrogatories, both dated March 20, 2001; Exhibit C is a copy of the declaration page and an Allstate insurance contract bearing policy number 603403568; and Exhibit D is the affidavit of Marie McCarthy, the defendant's claims representative in the present case.
In one of the requests for admission that the defendant served on the plaintiff, the defendant states that the insurance policy that the plaintiff s claim is based on is Exhibit C and she is not making a claim against any other policy. In another request, the defendant states that CT Page 6813 the named insured on this policy was Lourdes Taveras, that the policy became effective on September 16, 1997, and expired on March 16, 1998. The defendant argues that the plaintiff failed to respond to the requests for admission, and the plaintiff does not argue or offer any evidence that she did so. Accordingly, pursuant to Practice Book § 13-23,[1]
the matters asserted in the request for admission are deemed admitted by the plaintiff "In Orenstein v. Old Buckingham Corporation . . . [205 Conn. 572, 534 A.2d 1172 (1987)], our Supreme Court affirmed the granting of a summary judgment on the basis of admissions by a party who did not respond to requests to admit. . . ." Allied Grocers Cooperative,Inc. v. Caplan, 30 Conn. App. 274, 280 (1993). "Generally, any matter admitted by the party to whom the request is made is conclusively established." Baughman v. Collins, 56 Conn. App. 34, 39, cert. denied,252 Conn. 923 (2000).
In the answers that the plaintiff provided to the defendant in response to its interrogatories, the plaintiff states that the policy number appearing in or on Exhibit C, the policy in issue, lists her and Lourdes Taveras as insureds. The declarations page lists only Lourdes Taveras as an insured under the contract. Additionally, in her affidavit, McCarthy avers that after a thorough review of the file, she determined that the plaintiff was not named as an insured under that policy and that the policy was not effective at the time of the accident in the present case.
Through its submissions of evidence, the defendant has met its burden of demonstrating that no material issue of fact exists in the present case. The plaintiff alleges that the accident occurred on January 13, 1997. The defendant's evidence conclusively establishes that the policy under which the plaintiff makes her claim was not effective at the time of the accident. The defendant also conclusively establishes that the plaintiff was not listed as an insured under the policy. To reiterate, the plaintiff did not submit a reply memorandum, counteraffidavit(s) or any other documentary evidence to refute this evidence. At oral argument, the plaintiff merely left the defendant to its burden of proof. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co., 44 Conn. App. 657,663 (1997). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof" (Internal quotation marks omitted.) 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 569 (1994). In the present case, the defendant has indeed met its burden of demonstrating the absence of any genuine issues of material fact. The motion for summary judgment is, accordingly, granted. CT Page 6814
 ___________________ Moraghan, J.T.R.