[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #105
Before the court is the plaintiffs motion for summary judgment, in which it contends that there is no genuine issue of material fact, and therefore, it is entitled to judgment as a matter of law. This action arises out of a mortgage the plaintiff extended to the defendant in 1998. The defendant filed for bankruptcy in 2000, and the mortgage is presently in default. The plaintiff filed this collection action on February 11, 2002. On May 8, 2002, the plaintiff served a request for admissions on the defendant. The defendant failed to respond to the CT Page 9999 plaintiffs request for admissions.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Appleton v.Board of Education, 254 Conn. 205, 209, 757, A.2d 1059 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine if any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
Practice Book § 13-23(a) states, in pertinent part: "Each matter of which an admission is requested is admitted unless, within thirty days after the filing of notice required . . . the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney. . . ."[1] "[A] party may serve on any other party a request for admission of the truth of any matter relevant to the disposition of the pending action. Generally, any matter admitted by the party to whom the request is made is conclusively established. Practice Book § 240 [now § 13-24]" (Internal quotation marks omitted.)Baughman v. Collins, 56 Conn. App. 34, 39, 740 A.2d 491 (1999), cert. denied, 252 Conn. 923, 747 A.2d 517 (2000).
In the present case, in the request for admission the plaintiff asks the defendant to admit that the note signed by the defendant in 1998 was for the amount of $12,963.92. The plaintiff asks the defendant to admit that the note is currently in default, the defendant has failed to make payments on the note since August, 2000, and that the sum of $11,613.04 is presently due on the note. The defendant has not answered or objected to the request for admissions, and therefore, these matters are deemed conclusively established.
Furthermore, "[i]n Orenstein v. Old Buckingham Corporation, [205 Conn. 572, 534 A.2d 1172 (1987)], our Supreme Court affirmed the granting of a summary judgment on the basis of admissions by a party who did not respond to requests to admit. . . ." Allied Grocers Cooperative,Inc. v. Caplan, 30 Conn. App. 274, 280, 620 A.2d 165 (1993). Therefore, because the defendant failed to respond to the request for admissions, no issue of material fact exists and the plaintiff is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment is granted.
BRENNAN, J. CT Page 10000