[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
The plaintiffs instituted the present action seeking to recover monetary damages for personal injuries received when the vehicle in which they were riding was struck by a vehicle that crossed over from the left hand lane into the center lane on I-95. Plaintiffs' claimed that the operator of the vehicle which struck their vehicle was the defendant. The defendant denied being involved in an automobile accident. The jury returned a verdict in favor of the defendant.
The plaintiffs now seek to set that verdict aside asserting, as the sole claim of error, the failure of the court to allow into evidence certain information contained in the police report. The police report contained an entry by the investigating officer that a witness (Martin) stated that he "observed a red 2-door passenger car bearing CT Reg. 74-KTR go from the left lane to the center lane striking"the plaintiffs vehicle. The witness, Martin, was not further identified could not be located and did not testify during the trial. The police officer was allowed to testify as to his actions in investigating the accident including going to the defendant's home, speaking with the defendant, and observing the defendant's vehicle. He was not, however allowed to testify as to the statement made by the unidentified witness nor was that part of the report allowed into evidence.
While portions of police reports are admissible, statements by volunteers, or bystanders, are not admissible, even though contained in a business record, because it is the duty to report in a business context that provides the reliability to justify the hearsay exception. Baughmanv. Collins, 56 Conn. App. 34, 37 (1999). The plaintiff claims that the statement of the unidentified witness does not constitute hearsay because it was offered for the purpose of showing the effect the statement had on the investigating officer. However the investigating officer's actions were not an issue in the case. The officer was allowed to testify what he CT Page 99 did with respect to his investigation including his inspection of the defendant's vehicle. Plaintiff also claims that the statement by the unidentified witness constitutes a spontaneous utterance. See Connecticut Code of Evidence Sec. 8-3 (2). However, the statement by the unidentified witness was not made under the stress of excitement caused by the event. It was simply a report to the police officer of an observation. Plaintiff also claims that the statement was admissible under a residual exception to the hearsay rule which requires reasonable necessity for the admission and a determination that the statement is supported by equivalent guarantees of trustworthiness and reliability that are essential to other evidence admitted under traditional exceptions. See Connecticut Code of Evidence Sec. 8.9. "Cross-examination, the greatest legal engine ever intended for the discovery of truth, was therefore absent in this case with respect to the extra judicial identification." (Internal quotation marks and citations omitted) State v. The Outlaw, 216 Conn. 492, 499
(1990).
Accordingly, the motion to set aside the verdict is denied.
 ___________________ RUSH, J.
CT Page 100